Murtagh, Thomas R., J.
This matter is currently before the court on the Defendant’s, DAVA Pharmaceuticals, Inc. (“DAVA”), Motion for Summary Judgment. For the reasons explained herein this motion will be ALLOWED.
All of the claims asserted against DAVA Pharmaceuticals, Inc. (“DAVA”) are premised on an alleged failure to adequately warn, in accordance with Massachusetts law, of the harmful interaction between Clar-ithromycin and Methadone. Clarithromycin is a generic drug which was distributed by DAVA. On June 23, 2011, the United States Supreme Court decided PLIVA, Inc. v. Mensing, 131 S.Ct. 2567 (2011), holding, based on the principle of impossibility preemption, that state “failure to warn” tort law claims against generic drug manufacturers are preempted by federal law. Id. at 2581. More specifically, according to the Supreme Court, generic manufacturers cannot be found liable under state “failure to warn” claims so long as the labels and warnings for the generic form of drug match the labels and warnings the FDA has approved for the brand name form of the drug. The rationale for excusing generic manufacturers from liability is premised on the fact that generic manufacturers have no power to effectuate a label change. Id. at 2575-76. Rather, brand name manufacturers are the only entity able to initiate a label change with the FDA. Id.
Here, DAVA was a distributor of the generic drug and not the manufacturer. As a distributor, however, DAVA had no ability to change labeling or warnings and thus, like a generic manufacturer, DAVA cannot be subject to liability in connection with a state law claim premised on a “failure to warn.”
ORDER
For the reasons set forth above, it is hereby ORDERED that DAVA’s Motion for Summary Judgment be ALLOWED. It is further ORDERED that judgment enter for DAVA on all claims asserted against it.